# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JODY STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-CV-0511-CVE-FHM |
| | ) |
| SULZER ORTHOPEDICS, INC.; | ) |
| CENTERPULSE ORTHOPEDICS, INC.; | ) |
| ZIMMER, INC; and | ) |
| ZIMMER HOLDINGS, INC., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is plaintiff's Motion to Dismiss without Prejudice (Dkt. # 43). Plaintiff asks the Court to dismiss her claims without prejudice to refiling because she is unable to obtain legal representation. Defendants Zimmer, Inc. and Zimmer Holdings, Inc. respond that they have invested substantial resources in their defense against plaintiff's claims, and plaintiff should not be permitted to dismiss her claims at such a late stage of the case.[1]

On July 19, 2010, plaintiff filed this case in the District Court of Mayes County, Oklahoma, alleging that defendants designed and manufactured the Sulzer SZ 63 Converge model hip replacement and that this product was used for plaintiff's hip replacement surgery in October 2002. Dkt. # 2-2, at 1. Plaintiff alleges that the product was defective and she suffered permanent injuries following her hip replacement surgery. Id. at 2. Although plaintiff's petition does not specify what claims she intends to assert against defendants, it appears that plaintiff may be asserting claims of

---

[1] Plaintiff has not filed a reply and her deadline to file a reply in support of her motion to dismiss has expired.

manufacturer's products liability, negligence, and breach of warranty against defendants. Plaintiff was not represented by an attorney when she filed this case and she is not currently represented by counsel. On August 10, 2010, defendants removed the case to federal court based on diversity jurisdiction. The Court entered a scheduling order (Dkt. # 18) on December 15, 2010, and set a discovery cutoff of March 17, 2011. Defendants served discovery requests on plaintiff, but plaintiff refused to participate in discovery and would not respond to defendants' discovery requests. Defendants filed a motion to compel (Dkt. # 24) and the motion was set for a hearing before a magistrate judge. Plaintiff did not respond to the motion to compel and she did not appear at the hearing. Dkt. # 27. Plaintiff's deadline to disclose expert witnesses and reports was February 3, 2011, but she did not identify any expert witnesses. Defendants identified two expert witnesses, Todd D. Sekundiak, M.D., and Stephen M. Kurtz, Ph.D., and provided Dr. Sekundiak's and Dr. Kurtz's expert reports to plaintiff.

Defendants filed a motion for summary judgment (Dkt. # 30) asserting that plaintiff's claims are barred by the statute of limitations and that plaintiff has no evidence to prove any essential element of any of her claims. Plaintiff did not respond to defendants' motion. Instead, two days after her response to defendants' motion for summary judgment was due, plaintiff filed a motion to dismiss her claims without prejudice and requested that she be permitted to refile her claims once she could obtain counsel. Dkt. # 43. Defendants object to plaintiff's motion to dismiss and argue that they will be prejudiced if the Court allows plaintiff to dismiss her claims without prejudice at such a late stage of the case.

Plaintiff's motion for voluntary dismissal is governed by Fed. R. Civ. P. 41(a). Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the

2

Court considers proper." Unless a defendant can show "legal" prejudice from granting a plaintiff's request for voluntary dismissal, such requests should ordinarily be granted. Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997). However, Rule 41 "is designed 'primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 357 (10th Cir. 1996). The Tenth Circuit has identified four non-exclusive factors that should be considered when reviewing a request for voluntary dismissal: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for dismissal; and the present stage of the litigation." County of Santa Fe, New Mexico v. Public Service Co. of New Mexico, 311 F.3d 1031, 1048 (10th Cir. 2002). The Court must insure that "substantial justice is accorded to both parties," and this requires the district court to consider the "equities not only facing the defendant, but also those facing the plaintiff." Brown v. Baeke, 413 F.3d 1121, 1124 (10th Cir. 2005).

The first factor (defendants' effort and expense) favors defendants. Defendants requested discovery from plaintiff and attempted to compel discovery responses, and plaintiff did not respond to defendants' discovery requests or appear at a hearing on defendants' motion to compel. Defendants served two expert reports on plaintiff, even though plaintiff did not identify any experts who would testify in support of her claims. Defendants also took plaintiff's deposition and, due to plaintiff's unwillingness to otherwise cooperate in discovery, this is defendants' sole source of information about plaintiff's claims. At the close of discovery, defendants also filed a motion for summary judgment. Defendants have conducted reasonable efforts to defend against plaintiff's claims and this has resulted in a substantial expense to defendants. The importance of this factor

could be mitigated if a plaintiff is willing to pay some or all of a defendant's attorney fees. United States ex rel. Stone v. Rockwell Int'l Corp., 282 F.3d 787, 810 (10th Cir. 2002). However, the record does not suggest that plaintiff has the resources to compensate defendants for any expenses incurred in defending against plaintiff's claims, and the Court will not consider awarding attorney fees to defendants as a condition of dismissal.

The second factor (excessive delay and lack of diligence) also favors defendants. Plaintiff filed this case in July 2010 and has taken no action to prosecute her claims against defendants. Plaintiff did not serve requests for written discovery on defendants and has ignored defendants' discovery requests. The record does not suggest that plaintiff made any attempt to obtain the services of an expert. When plaintiff filed this case against defendants, she should have anticipated the need for extensive written and expert discovery due to the technical nature of a manufacturer's products liability claim. The Court takes into account that plaintiff is a pro se litigant and it is possible that she was not aware what would be required but, at a minimum, she should have determined early on in this case that both parties would need extensive discovery. Plaintiff could have moved to voluntarily dismiss her claims much earlier in the case but, instead, she waited until discovery was completed and defendants filed a motion for summary judgment. This creates the appearance that plaintiff is attempting is to avoid an adverse judgment on the merits by voluntarily dismissing her claims. See Phillips USA, Inc., 77 F.3d at 358. Plaintiff's lack of diligence in prosecuting her claims supports defendants' request to deny plaintiff's motion to dismiss.

The third factor (sufficiency of the plaintiff's explanation) favors defendants, because plaintiff has not provided an adequate explanation for allowing her to dismiss her claims without prejudice at such a late stage of the case. In its entirety, plaintiff's motion states that she asks the

4

Court to dismiss her claims without prejudice "until [she] is able to obtain adequate counsel." Dkt. # 43. While plaintiff may be experiencing difficulty prosecuting her claims without an attorney, she has been aware of these difficulties since she filed the case in July 2010 and her lack of an adequate explanation relates closely to the final factor (present stage of the litigation). As the Court has noted, the discovery cutoff has passed and defendants have filed a motion for summary judgment, and it is clear that plaintiff allowed the litigation to progress to a critical point before filing her motion to dismiss. Defendants argue that plaintiff would gain a tactical advantage if she were allowed to refile her claims, because she has seen defendants' expert reports and motion for summary judgment and would be able to structure her case with the benefit of knowing defendants' trial strategy. Dkt. # 44, at 4. This happens to some extent any time a plaintiff voluntarily dismisses his or her claims but, given the late stage of the litigation, defendants' concern is not unfounded. Plaintiff's lack of an adequate explanation combined with the present stage of the litigation does not favor her request for dismissal without prejudice.

Considering all of the factors and the need to provide substantial justice to all parties, the Court finds that plaintiff's motion to dismiss without prejudice should be denied. Defendants have invested substantial resources in defending against plaintiff's claims and plaintiff has taken no action to prosecute her claims. Plaintiff has not participated in discovery and has ignored defendants' efforts to obtain written discovery from her. Defendants reasonably obtained two expert opinions concerning plaintiff's claims. Defendants also filed a motion for summary judgment after the close of discovery. Plaintiff has had adequate time to gather evidence in support of her claims, but she has made no attempt to prosecute her claims against defendants. The Court takes into account that plaintiff is not represented by an attorney. However, pro se plaintiffs are required to comply with

the "fundamental requirements of the Federal Rules of Civil Procedure," and plaintiff's pro se status does not excuse her complete failure to prosecute her claims. Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994). Defendants ask the Court to grant their motion for summary judgment due to plaintiff's failure to respond, but the Court may not simply grant defendants' motion for summary judgment on that basis alone. Even though plaintiff has failed to respond to defendants' motion for summary judgment, the Court must examine the record to determine if summary judgment is appropriate even without a response from the non-moving party. Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002) ("a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party"). Plaintiff may have believed that her motion to dismiss constituted a response to defendants' motion for summary judgment. The Court will provide plaintiff 14 additional days to respond to defendants' motion for summary judgment and defendants may file a reply 14 days thereafter if plaintiff responds. If plaintiff does not respond, defendants' motion for summary judgment will be at issue.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Dismiss without Prejudice (Dkt. # 43) is **denied**.

**IT IS FURTHER ORDERED** that plaintiff may respond to defendants' motion for summary judgment (Dkt. # 30) no later than **June 6, 2011** and, if plaintiff responds, defendants may reply no later than **June 20, 2011.**

**DATED** this 23rd day of May, 2011.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT