UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JODY STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CV-0511-CVE-FHM |
| ) | |
| SULZER ORTHOPEDICS, INC.; ) | |
| CENTERPULSE ORTHOPEDICS, INC.; ) | |
| ZIMMER, INC; and ) | |
| ZIMMER HOLDINGS, INC., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court are plaintiff's "response" to defendant's motion for summary judgment (Dkt. # 52) and supplement to her "response" (Dkt. # 53).[1] Although styled as a response to defendant's motion for summary judgment, the Court has already granted defendant's motion and entered judgment in favor of defendant on plaintiff's claims. See Dkt. ## 50, 51. Plaintiff is proceeding pro se and, construing her pleadings broadly, it appears that she may be asking the Court to reconsider its opinion and order (Dkt. # 50) granting defendant's motion for summary judgment. Thus, the Court will construe plaintiff's "response" and supplement as a motion to alter or amend judgment under Fed. R. Civ. P. 59.

On July 19, 2010, plaintiff filed this case in the District Court of Mayes County, Oklahoma alleging claims of manufacturer's products liability, negligence, and breach of warranty against

---

[1] The supplement (Dkt. # 53) consists of two photographs showing a wound on an unidentified person's hip. Plaintiff did not file a pleading with the photographs but the Court infers that plaintiff is the person in the photographs and that the photographs are intended to support her claims that defendant manufactured and sold a defective hip replacement.

defendants. Dkt. # 2-2, at 1-3. Plaintiff was not represented by an attorney. Defendants removed the case to this Court. Defendants retained two expert witnesses and attempted to obtain written and documentary discovery from plaintiff. Plaintiff did not conduct any type of discovery and did not provide responses to defendants' requests for discovery. Defendants filed a motion for summary judgment (Dkt. # 30) and plaintiff did not respond. Instead, plaintiff filed a motion to dismiss her claims without prejudice. Dkt. # 43. The Court denied plaintiff's motion to dismiss and gave her additional time to respond to defendant's motion for summary judgment. Dkt. # 47. Plaintiff filed a response stating that she had evidence to support her claims, but she did not attach any evidence to her response. Dkt. # 48. The Court granted defendants motion for summary judgment on June 22, 2009, and entered judgment for defendants. Dkt. ## 50, 51. Plaintiff filed a "response" to defendants' motion for summary judgment on June 29, 2011, and has attached six photographs to the response. Dkt. # 52, at 3-10; Dkt. # 53.

Under Rule 59(e), a party may ask a district court to reconsider a summary judgment ruling when the district court has "misapprehended the facts, a party's position, or the controlling law." Barber ex rel. Barber v. Colo. Dep't of Revenue, 562 F.3d 1222, 1228 (10th Cir. 2009). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." FDIC v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)).

2

Plaintiff's motion to reconsider should be denied. Plaintiff's motion does not contain any new arguments and she cites no evidence that could not have been produced with her original response to defendants' motion for summary judgment. The Court has reviewed the photographs submitted by plaintiff and it is unclear how the photographs are intended to support plaintiff's claims. While the photographs apparently depict a wound or injury on plaintiff's hip, this does not prove that defendants manufactured a defective product or that defendants were negligent, and the photographs are no substitute for expert testimony that is necessary to support such claims.

**IT IS THEREFORE ORDERED** that plaintiff's motion to alter or amend judgment (Dkt. ## 52, 53) is **denied**.

**DATED** this 18th day of July, 2011.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT